MEMORANDUM **
These appeals [1] arise out of the misiden-tification and wrongful arrest and incarceration of Darryl Titus. Detective Rodney Roberts appeals the district court’s order denying his motion for summary judgment based on qualified immunity. Titus appeals the grant of summary judgment in favor of complaining witnesses, Edna An-dujo and Jose Delgado, and their employers, East 35th Street Apartments, L.P. and G&K Management Company. We dismiss Roberts’s appeal for lack of jurisdic *212 tion. We have jurisdiction over Titus’s appeal under 28 U.S.C. § 1291 and affirm the grant of summary judgment in favor of Andujo and Delgado on all claims except the tort of malicious prosecution.
1. Because we lack jurisdiction, we dismiss Roberts’s appeal of the denial of his motion for summary judgment based on qualified immunity. Though “the denial of summary judgment is not ordinarily an appealable order, we have jurisdiction to consider an interlocutory appeal when ... the ground for the motion is qualified immunity.” Jeffers v. Gomez, 267 F.3d 895, 903 (9th Cir.2001). However, Roberts failed to timely appeal the February 9, 2007, order in which the district court explicitly rejected Roberts’s assertion of qualified immunity. Instead, he later filed another summary judgment motion on other issues, which was denied in part on June 19, 2007. The June 19 order from which Roberts appeals did not reject or even consider Roberts’s claim of qualified immunity. Roberts’s June 26, 2007, Notice of Appeal was filed far too late to meet the 30-day deadline set forth in Federal Rule of Appellate Procedure 4(a)(1)(A) for appealing the February 9 order.
2. We affirm the grant of summary judgment in favor of Andujo and Delgado on all of Titus’s state law claims, with the exception of Titus’s claim of malicious prosecution. California Civil Code § 47 defines a privileged communication as one made in any “judicial proceeding” or “in any other official proceeding authorized by law.” Cal. Civ.Code § 47(b)(2), (3). This provision “operates to bar civil liability for any tort claim based upon a privileged communication, with the exception of malicious prosecution.” Hagberg v. Cal. Fed. Bank FSB, 32 Cal.4th 350, 7 Cal. Rptr.3d 803, 81 P.3d 244, 259 (Cal.2004) (citing Silberg v. Anderson, 50 Cal.3d 205, 266 Cal.Rptr. 638, 786 P.2d 365 (1990)). Here, Andujo and Delgado were citizens who contacted law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond. Their communications are therefore privileged and bar liability for all state law claims except the tort claim.
To prevail on a claim of malicious prosecution, the plaintiff must prove that the “action (1) was initiated by or at the direction of the defendant and legally terminated in the plaintiffs favor, (2) was brought without probable cause, and (3) was initiated with malice.” Siebel v. Mittlesteadt, 41 Cal.4th 735, 62 Cal.Rptr.3d 155, 161 P.3d 527, 530 (2007). The prosecution was initiated by Andujo, the victim and complainant, and continued after the identification of Titus by Andujo and Delgado. It was terminated in Titus’s favor when all charges against him were dismissed in the interest of justice.
Assuming it is also found that the action was brought without probable cause, a reasonable jury could find that Andujo and Delgado acted with malice. A showing of “personal hostility, a grudge or ill will” is not required for a showing of malice. Singleton v. Singleton, 68 Cal.App.2d 681, 157 P.2d 886, 894 (Cal.Ct.App.1945). “Indifference” to improper prosecution may be sufficient. Soukup v. Law Offices of Herbert Hafif 39 Cal.4th 260, 46 Cal.Rptr.3d 638, 139 P.3d 30, 52 (2006) (“Malice may range anywhere from open hostility to indifference.” (internal quotation marks omitted)); cf. Ross v. Kish, 145 Cal. App.4th 188, 51 Cal.Rptr.3d 484, 497 (Ct. App.2006) (“Although lack of probable cause alone does not automatically equate to a finding of malice, it is a factor that may be considered.” (internal quotation marks omitted)). Genuine issues of material fact remain as to whether Andujo and Delgado acted with malice in identifying Titus while knowing that Titus was the *213 wrong person. Because Delgado positively identified Titus as the suspect at the hearing and at trial without alerting the factfinder to his prior failed identifications, and Andujo did the same even though she knew Titus was not the suspect, there is a genuine issue of material fact as to whether Andujo and Delgado were indifferent to Titus’s wrongful prosecution. Moreover, because under California law malice depends on the defendants’ subjective intent, “[mjalice is usually a question of fact for the jury to determine.” Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1030 (9th Cir.2008).
3. We affirm the grant of summary judgment to Andujo and Delgado on the § 1983 claims. Titus failed to demonstrate that Andujo and Delgado “act[ed] under color of state law [by] willfully participating] in joint action with state officials to deprive others of constitutional rights.” United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir.1989) (en banc). There is not even a scintilla of evidence supporting a legitimate inference of a “conspiracy between the state and [Andujo and Delgado]” from the inconsistent testimony given by Roberts, Andujo, and Delgado at trial. Id.
4. We affirm the grant of summary judgment in favor of Andujo and Delgado’s employers, East 35th Street Apartments, L.P., and G&K Management Company. Titus failed to cite any authority or discuss any facts that demonstrate a genuine issue of material fact with respect to the employers’ vicarious liability in the opening brief. The argument is therefore waived. See Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir.1986).
Appeal no. 07-55922 is DISMISSED FOR LACK OF JURISDICTION. Appeal no. 07-56001 is AFFIRMED IN PART, and REVERSED, VACATED, AND REMANDED IN PART. Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We consolidate these appeals for purposes of disposition.